IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br><br>JOHN ABDAYEM,<br>Defendant. | ) | Case No. 00-CR-10022 JTM |

**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

This matter is before the court on the defendant's Motion for Early Termination of Supervised Release. (Dkt. No. 100).

Defendant, John Abdayem, pled guilty to two counts of Distribution of Marijuana, Conspiracy to use a Firearm During and in Relation to a Drug Trafficking Crime, Use of a Firearm During and in Relation to a Drug Trafficking Crime, Illegal Transfer of an Unregistered Firearm, two counts of Illegal Possession of a Machine Gun, Possession of an Unregistered Firearm Silencer, Possession of Firearms by an Unlawful User of Controlled Substance, Possession of Cocaine with Intent to Manufacture Cocaine Base, Possession of Marijuana and Possession of Cocaine Base.

He was sentenced by this court on December 14, 2000, to a term of 72 months imprisonment to be followed by three years of supervised release. (Dkt. No. 87). Mr. Abdayem was released from prison and began his term of supervised release on April 28, 2006. The government has not objected to the defendant's motion for early termination of supervised release.

The court has authority to terminate a period of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1); *See United States v. Gainer*, 936 F.Supp. 785, 786 (D.Kan.1996). The court must consider several factors set forth in 18 U.S.C. § 3553(a) before making its determination. *See* 18 U.S.C. § 3583(e); *Gainer*, 936 F.Supp. at 786. The factors include the nature and circumstances of the original offense, the character of the defendant, the need for deterrence, the need for protection of the public from the defendant, the Guideline factors and range for the original sentence, pertinent policy statements of the Sentencing Commission pertaining to supervised release, and sentencing disparities from defendants with similar records guilty of similar offenses. *See* 18 U.S.C. §§ 3553(a), 3583(e); *Gainer*, 936 F.Supp. at 786.

The defendant has served over 29 months on his supervised release. The United States probation officer assigned to Mr. Abdayem's case makes the following report to the court: "Mr. Abdayem has not had any new arrests and all drug tests have been negative. He was referred to a contract provider for a substance abuse treatment which he successfully completed in August 2007. He has maintained a stable residence and stable employment. He has submitted his DNA specimen for the F.B.I.'s national databank. He appears to be in compliance with his conditions of supervision and was transferred to this office's low risk caseload in November 2007. Based on his positive adjustment to supervision and his compliance and stability to date, this office is not opposed to an early termination of supervised release.

___ The court is satisfied, after considering the factors as set forth in 18 U.S.C. § 3583(e)(1), that termination of Mr. Abdayem's term of supervised release is warranted by the conduct of the defendant and the interest of justice.

___ IT IS THEREFORE ORDERED on this 29th day of September, 2008, that the defendant's Motion for Early Termination of Supervised Release (Dkt. No. 100) is granted.

___ IT IS FURTHER ORDERED that the defendant's previously imposed period of supervised release is terminated.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE